IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDALL STATE BANK, GARDEN CITY
STATE BANK, PEABODY STATE BANK,
FIRST UNITED BANK AND TRUST, BANK
OF COMMERCE AND TRUST, QUIVIRA
CAPITAL, LLC, AND KELLY DROUILLARD
                      Plaintiffs

vs.                                              Case No: 10-CV-2617

ARCHWAY INSURANCE SERVICES, LLC,
NEVADA INVESTMENT PARTNERS, LLC,
AND UNION ONE INSURANCE GROUP, LLC
                      Defendants

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS, STAY, OR TRANSFER

**COME NOW**, Defendants Archway Insurance Services, LLC, Nevada Investment Partners, LLC and Union One Insurance Group, LLC, by and through undersigned counsel, and in support of their Motion to Dismiss, filed herewith, provide the Court with the following memorandum of law and authority.

### I. INTRODUCTION

Plaintiffs filed a petition alleging breach of contract and seeking replevin against Defendants Union One Insurance Group and Nevada Investment Partners with respect to a loan made to these Defendants. Plaintiffs also ask that this Court grant a declaratory judgment that Plaintiffs are not liable to Defendants for Aleritas' unlawful conduct. Defendants request this Court dismiss all three counts against them because the Eastern District of Pennsylvania is already seized of the matter.

1

## II. FACTUAL BACKGROUND

1.     Defendants Union One and Nevada Investment Partners signed a commercial loan agreement on or about September 30, 2007, with Brooke Credit Corporation.

2.     On February 4, 2009, plaintiffs, excluding Quivira Capital and Kelly Drouillard, filed suit in the Eastern District of Pennsylvania, alleging breach of contract regarding the same commercial loan agreement at issue in the instant case and requesting an injunction. *Kendall State Bank v. Union One Ins. Group*, United States District Court for the Eastern District of Pennsylvania case number 09-CV-494.

3.     On June 18, 2009, the District Court Judge stayed the action pending the outcome of the defendants' co-debtor's bankruptcy. *Kendall State Bank v. Union One Ins. Group*, United States District Court for the Eastern District of Pennsylvania case number 09-CV-494.

4.     On June 10, 2010, the plaintiffs filed a Motion for Preliminary Injunction that was denied by the court on June 23, 2010. *Kendall State Bank v. Union One Ins. Group*, United States District Court for the Eastern District of Pennsylvania case number 09-CV-494.

5.     On October 29, 2010, the instant Defendants, along with Trinity Capital Management Group, filed an action in the Eastern District of Pennsylvania alleging two counts of breach of contract, two counts of fraud, and two counts of violations of the RICO Act against these Plaintiffs. *Archway Ins. Servs,. LLC v. Harris*, United States District Court for the Eastern District of Pennsylvania case number 10-5867.

6.     On November 12, 2010, Plaintiffs filed suit against Defendants, requesting replevin and damages for breach of contract, and seeking a declaratory judgment.

7.     Archway Insurance Services was not a signatory to the contract at issue, and has therefore not agreed to the forum-selection clause relied upon by these Plaintiffs.

### III. ARGUMENTS AND AUTHORITIES

Plaintiffs allege in their petition that this Court has the jurisdiction to hear this case. However, two suits involving the same or similar questions have already been filed in the Eastern District of Pennsylvania. Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The Tenth Circuit does not require the parties to be identical, only substantially similar. *Johnson v. Pfizer, Inc.*, 2004 U.S. Dist. LEXIS 25217 *6 (D. Kan. 2004) (citing *Ed Tobergte Assocs. v. Zide Sport Shop*, 83 F. Supp. 2d 1197, 1198 (D. Kan. 1999)). In addition, Archway Insurance, a Pennsylvania company, has not agreed to any contractual forum-selection clause, and should not be subject to the jurisdiction of this Court. Although this Court does technically have subject-matter jurisdiction and personal jurisdiction over Union One and Nevada Investment Partners, this Court should either dismiss this case under the first-to-file rule, or stay this action until the Eastern District of Pennsylvania decides the applicability of the first-to-file rule. Alternatively, this Court should transfer the case to the Eastern District of Pennsylvania in an exercise of its powers under 28 U.S.C. § 1404.

*I.   Dismissal of the Action*

A. First-to-file Rule

The District of Kansas applied the first-to-file rule recently in a similar case, finding it inappropriate to rule on a breach of contract claim that was currently on appeal before the Second Circuit. *Sheldon v. Khanal*, 2010 U.S. Dist. LEXIS 92102 *7-8 (D. Kan. Sept. 3, 2010). In *Sheldon*, the plaintiffs filed a breach of contract action in the District of Kansas while the

same breach of contract action was pending before the Second Circuit after the Eastern District of New York dismissed it. *Id.* at *6-7. The court noted that "[a] case is therefore already pending involving the claim. This court ordinarily applied the "first-to-file" rule in similar situations." *Id.* at *7. Dismissal was required due to comity and sound judicial administration. *Id.* at *8. Similarly, Plaintiffs filed a breach of contract action in the Eastern District of Pennsylvania that has been suspended pending the resolution of a bankruptcy case. Plaintiffs' motion for a preliminary injunction was denied less than six months ago. The replevin action arises from the same facts as the breach of contract and should be decided in the same action. Defendants' action currently before the Eastern District of Pennsylvania is the subject of the declaratory judgment count. For reasons of judicial efficiency, this Court should decline to hear Plaintiffs' causes of actions as they either have been raised or could be raised in already pending suits in another federal district court.

B. Declaratory Judgment Act

Plaintiffs attempt to make an end-run around Defendants' Pennsylvania RICO action against Plaintiffs by requesting this Court issue a declaratory judgment that Plaintiffs have not engaged in unlawful conduct. This Court should decline to exercise its jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, because Plaintiffs wish this Court to improperly determine liability for past conduct. *See UBS Financial Servs., Inc. v. Ingraham*, No. 09-2502 *5 (D. Kan. April 8, 2010). As another federal district court is already considering the very issue at the heart of Plaintiffs' request for declaratory judgment, this Court should dismiss the action.

II.     *Stay of the Action*

This District has also previously applied the first-to-file rule in staying an action until the first court to exercise jurisdiction determined the proper forum. *See Johnson v. Pfizer, Inc.*, 2004

U.S. Dist. LEXIS 25217 *18 (D. Kan. 2004). In *Johnson*, one party filed for vacatur of an arbitration order in the District of New Jersey. *Id.* at *4. Less than one month later, the opposing party, filed for confirmation of the arbitration order in the District of Kansas. *Id.* at *5. The court found that "[u]nder the rule, the first court to obtain jurisdiction applies the first-to-file rule and exceptions in order to determine the appropriate forum for the case." *Id.* at *6. For this reason, the court ordered the case stayed until the District of New Jersey decided whether the first-to-file rule applied and which forum was most appropriate to hear the case. *Id.* at *16.

Although Plaintiffs have raised the contract's forum-selection clause, the applicability of the clause is an issue of fact and it is not problematic for another forum to decide the clause's applicability. *See Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982). Further, as Plaintiffs filed the first suit in Pennsylvania, they waived the forum-selection clause, and it should not be enforced. *Citgo Petro. Corp. v. Home Serv. Oil Co.*, 2009 U.S. Dist. LEXIS 110764 *11-12 (N.D. Okla. Nov. 30, 2009) (citing cases "that a party may waive enforcement of a forum selection clause by taking an intentional act inconsistent with enforcement of the forum selection clause"). Additionally, the forum-selection clause Plaintiffs raise has no bearing on the declaratory judgment against Archway Insurance Services, and Plaintiffs have not shown that this Court has any reason to claim jurisdiction over Archway. If this Court chooses not to dismiss the case at hand, it should stay the case until the Eastern District of Pennsylvania determines the applicability of the first-to-file rule and which forum should hear the case.

III.    *Transfer of the Action*

Alternatively, this Court may transfer the action to the Eastern District of Pennsylvania, where it has already been brought. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought." The *Sheldon* court found that principles of comity and judicial administration warranted a dismissal in that case. Those same principles should also apply to the case at hand. Actions relating to each count of this case have already been filed in Pennsylvania. Judicial resources should not be spent litigating the same issues in two separate federal district courts. If this court chooses not to dismiss or stay this action, it should transfer the action to the Eastern District of Pennsylvania.

## IV. CONCLUSION

As the same issues of fact and matters of law are currently pending before the Eastern District of Pennsylvania, this Court should decline to accept jurisdiction and, applying the first-to-file rule, should dismiss, stay, or transfer this action to the Eastern District of Pennsylvania. Granting Defendants' motion is in the best interests of judicial economy.

**WHEREFORE**, Defendants respectfully request that this Court grant Defendants' motion to dismiss, stay, or transfer and for such other and further relief in Plaintiffs' favor as the Court deems just and equitable.

Respectfully submitted,

BUTLER & ASSOCIATES, P.A.

*/s/ Todd B. Butler*
Todd B. Butler                                          #12711
3706 S. Topeka Blvd., Suite 300
Topeka, KS 66609
Ph.  (785) 267-6444
Fax  (785) 267-7341
todd@balaw.org

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of December, 2010, I electronically filed the foregoing Defendants' Memorandum in Support of their Motion to Dismiss, Stay, or Transfer with the clerk of the court by using the CM/ECF system, which distributes copies to all counsel of record.

SPENCER FANE BRITT & BROWNE LLP
Barry L. Pickens, #20183
J. Loyd Gattis, III, #15822
Nathan A. Orr, #23510
bpickens@spencerfane.com
lgattis@spencerfane.com
nor@spencerfance.com

Attorneys for Plaintiffs Kendall State Bank, Bank of Commerce and Trust, First United Bank and Trust, Garden City State Bank, Peabody State Bank, Quivira Capital, LLC, and Kelly Drouillard

                                  /s/ Todd B. Butler
                                  Todd B. Butler          #12711