IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDALL STATE BANK, GARDEN CITY STATE BANK, PEABODY STATE BANK, THE BANK OF COMMERCE AND TRUST CO., QUIVIRA CAPITAL, LLC and KELLY DROUILLARD, ) ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 10-2617-KHV/DJW |
| ) | |
| ARCHWAY INSURANCE SERVICES, LLC, NEVADA INVESTMENT PARTNERS, LLC and UNION ONE INSURANCE GROUP, LLC, ) ) ) ) | |
| Defendants. ) _____ ) | |

**MEMORANDUM AND ORDER AND ORDERS TO SHOW CAUSE**

Kendall State Bank, Bank of Commerce and Trust, First United Bank and Trust, Garden City State Bank, Peabody State Bank, Quivira Capital, LLC and Kelly Drouillard bring suit against Archway Insurance Services, LLC, Nevada Investment Partners, LLC and Union One Insurance Agency, LLC. They bring claims for breach of contract against Union One Insurance Agency, LLC and Nevada Investment Partners, LLC (Count I); declaratory judgment against all defendants (Count II); and replevin against Union One Insurance Agency, LLC and Nevada Investment Partners, LLC (Count III). This matter is before the Court on Defendants' Motion To Dismiss, Stay, Or Transfer (Doc. #12) filed December 6, 2010, and Plaintiffs' Motion For Leave To File Surreply To Defendants' Motion To Dismiss, Stay, Or Transfer (Doc. #18) filed February 4, 2011.  Under the first-to-file rule, defendants ask this Court to dismiss, stay the action until the Eastern District of Pennsylvania decides the applicability of the first-to-file rule or transfer the case to the Eastern District of Pennsylvania. They

also ask the Court to decline to exercise jurisdiction over plaintiffs' declaratory judgment claim. For the following reasons the Court overrules defendants' motion to dismiss and sustains in part plaintiffs' motion for leave to file a surreply. The Court also orders plaintiffs to show cause why it should not dismiss the case for lack of subject matter jurisdiction and orders the parties to show cause why, if the Court has jurisdiction, it should not consolidate this case with Archway Ins. Servs. v. Bank of Commerce & Trust, No. 11-2403-KHV-DJW (D. Kan.).

**Factual And Procedural Background**

The relevant facts are drawn from plaintiffs' complaint and court records from the United States District Court for the Eastern District of Pennsylvania.

On September 28, 2007, Aleritas Capital Corporation, formerly known as Brooke Credit Corporation, loaned $2,924,125 to defendants and The Harris Agency, LLC (together, the "borrowers"). The loan agreement provided that Aleritas could sell its interest in the loan to other lenders, which it did. Shortly after Aleritas made the loan, it sold its interest to plaintiffs. Aleritas, however, continued to administer the loan. The loan agreement provided that borrowers waived the right to seek an offset from or assert a counterclaim against the lenders, and that the lenders could enforce defendants' obligations under the loan agreement.

In August of 2008, Aleritas breached its agreements with plaintiffs by not remitting a payment from borrowers to plaintiffs. In October of 2008, a management consulting firm determined that Aleritas was insolvent. Shortly thereafter, Aleritas began liquidating its remaining assets and wrapping up its operations. Exercising their rights under the agreements, plaintiffs removed Aleritas as loan administrator and transferred loan administration responsibilities to Kendall State Bank. Since that time, Kendall State Bank has administered the loan.

In September of 2008, defendants failed to provide certain financial statements to plaintiffs in violation of the loan agreement. In January of 2009, defendants failed to make one or more loan payments on time, including a payment of $35,633.58 which was due January 15, 2009. On January 20, 2009, The Harris Agency, LLC filed for bankruptcy. In addition, defendants failed to meet revenue and earnings requirements set forth in the loan agreement.

This action is related to two cases that were pending in the United States District Court for the Eastern District of Pennsylvania at the time plaintiffs filed this case – Kendall State Bank v. Union One Ins. Grp., LLC, No. 09-494-JF (E.D. Pa.), and Archway Ins. Servs., LLC v. Harris, No. 10-5867-JD (E.D. Pa.). Neither case is currently pending in the Eastern District of Pennsylvania. Plaintiffs voluntarily dismissed Kendall State Bank on December 27, 2010. On June 15, 2011, District Judge Jan E. DuBois concluded that proper venue for Archway did not exist in the Eastern District of Pennsylvania. Accordingly, he transferred some of the claims in Archway to the District of Nevada and the remaining claims to this Court. The claims which Judge DuBois transferred to this Court include claims for breach of contract, fraud and two claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). On July 21, 2011, the Archway claims were officially transferred to this Court and assigned to the undersigned judge. See Archway Ins. Servs. v. Bank of Commerce & Trust, No. 11-2403-KHV-DJW (D. Kan.)

As noted, under the first-to-file rule, defendants seek to dismiss this case, stay this case pending adjudication of the Archway case or transfer this case to the Eastern District of Pennsylvania. Defendants also seek to dismiss plaintiffs' declaratory judgment claim.

**Analysis**

**I.     Dismissal, Stay Or Transfer Under First-To-File Rule**

Based on the two related cases that were pending in the Eastern District of Pennsylvania when plaintiffs filed this case, defendants asked the Court to dismiss, stay or transfer this case under the first-to-file rule.  The first-to-file rule is based on the principle that federal district courts should not interfere with each other's affairs.  Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga., 189 F.3d 477 (Table), 1999 WL 682883, at *2 (10th Cir. 1999); Universal Premium Acceptance Corp. v. Oxford Bank & Trust, No. 02-2448-KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002).  This policy avoids the waste of duplication, rulings which may intrude on the authority of sister courts and piecemeal resolution of issues that call for a uniform result.  Buzas Baseball, 1999 WL 682883, at *2 (citing Sutter Corp. v. P & P Indus., 125 F.3d 914, 917 (5th Cir. 1997)); see also Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc., 679 F. Supp.2d 1287, 1296 (D. Kan. 2010) (Tenth Circuit applies first-to-file rule where complaint raising same issues against substantially similar parties was previously filed in another district court); Lipari v. U.S. Bancorp NA, 345 Fed. Appx. 315 (Table), 2009 WL 2055125, at **1 (10th Cir. 2009) (first-to-file rule applies where two district courts have jurisdiction over same controversy).        Defendants may have grounds to request a stay of this case, if it is not consolidated with the matter transferred to this Court from the Eastern District of Pennsylvania.  Technically, however, because the Pennsylvania claims have either been dismissed in that court or transferred to this Court, the principles of comity that underlie the first-to-file rule no longer apply here. See Clinton v. Jones, 520 U.S. 681, 706-06 (1997) (district court has broad discretion to stay proceedings as incident to power to control docket); Fed. R. Civ. P. 42 (if actions involve common question of law or fact, court may consolidate actions); see also Archway Ins. Servs. v. Bank of

Commerce & Trust, No. 11-2403-KHV-DJW (D. Kan.) (transferred from Eastern District of Pennsylvania on July 21, 2011).[1]  For these reasons, the Court overrules defendants' motion to dismiss, stay or transfer under the first-to-file rule.[2]  See Pharmanex, Inc. v. HPF, LLC, 221 F.3d 1352 (Table), 2000 WL 703164, at *1 n.2 (10th Cir. April 20, 2000) (whether Utah district court had jurisdiction under first-to-file rule moot where Pennsylvania court had transferred first-filed case to Utah court).

---

[1]     In his order transferring the claims against the bank plaintiffs in Archway to this Court and the claims against the Harris defendants to the Nevada district court, Judge DuBois noted that "the issues sought to be tried against the two sets of parties are completely separate and will require largely different sources of proof to try."  Archway, No. 11-2403-KHV-DJW (D. Kan.) at 10.  The case against the Harris defendants will center on whether they made fraudulent representations to plaintiffs and whether they breached their contracts with plaintiffs, whereas the case against the bank defendants will center on whether they made unrelated fraudulent representations and whether they breached a contract between their predecessor, Brooke, and plaintiffs.  Therefore, the claims against the Harris defendants, which Judge DuBois transferred to the Nevada district court, do not pose first-to-file issues because the two sets of claims do not raise the same issues against substantially similar parties. See Wallace B. Roderick Revocable Living Trust, 679 F. Supp.2d at 1296.

[2]     Plaintiffs seek leave to file a surreply to respond to new evidence and legal argument that defendants presented for the first time in their reply. See Doc. #18.  Surreplies are typically not allowed, see Metzger v. City of Leawood, 144 F. Supp.2d 1225, 1266 (D. Kan.2001), but they are permitted in rare cases with leave of court, Humphries v. Williams Natural Gas Co., Case No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998).  For example, a nonmoving party should be given an opportunity to respond to new material raised for the first time in a reply brief. Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005).  For purposes of this analysis, "material" includes both new evidence and new legal arguments. Id.; Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).

Specifically, plaintiffs argue that defendants' reply presents new evidence or legal argument in three ways: (1) new evidence and legal argument regarding the voluntary dismissal of the Kendall State Bank case in the Eastern District of Pennsylvania, (2) new legal argument regarding a waiver of the forum selection clause and (3) new legal argument that the forum selection clause does not apply to Archway.  With respect to the second two arguments – waiver of the forum selection clause and applicability of the clause to Archway – plaintiffs admit that defendants relied upon these two arguments, though only in conclusory fashion, in its memorandum in support of its motion to dismiss. Doc. #18 at 2.  Therefore these two legal arguments are therefore not new.  With respect to the first issue – new evidence and argument regarding voluntary dismissal of the Kendall State Bank case – the Court will consider plaintiffs' surreply because defendant did rely on new evidence of the voluntary dismissal in its reply.  The Court therefore sustains plaintiffs' motion in part and overrules it in part.

-5-

**II.     Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. – 1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)). The law therefore imposes a presumption against jurisdiction, Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974), and the Court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994). Plaintiffs bear the burden of showing that jurisdiction is proper, see Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995), and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Mere conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999). In addition, the Court has an independent duty to assure that it has subject matter jurisdiction. Durbin v. Yellow Transp., 624 F. Supp.2d 1303, 1303 (D. Kan. 2009) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990)).

The complaint alleges that the Court has subject matter jurisdiction based on diversity, 28 U.S.C. § 1332, and the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"). Plaintiffs have not alleged sufficient facts to support either theory of jurisdiction. With respect to diversity jurisdiction, Section 1332 provides that federal district courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the actions are between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of Section 1332, a limited liability company is considered a citizen of each state of which its members are citizens. See Birdsong v. Westglen Endoscopy Ctr., LLC, 176 F. Supp.2d 1245, 1248 (D. Kan. 2001); see also Pramco, LLC ex rel. CFSC Consortium LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (in every

circuit to consider issue, citizenship of LLC determined by citizenship of members).  Here, the complaint does not allege the citizenship of each member of Quivira Capital, LLC, Archway Insurance Services, LLC, Nevada Investment Partners, LLC or Union One Insurance Group, LLC.  See Doc. #1 ¶¶ 6, 8-10.  On this record, the Court cannot determine whether diversity jurisdiction exists over any of plaintiffs' claims.

In addition, the DJA is not a jurisdictional statute.  Henry v. Office of Thrift Supervision, 43 F.3d 507, 517 (10th Cir. 1994).  In other words, the DJA is "procedural only," Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937), and "does not itself confer jurisdiction on a federal court where none otherwise exists," Henry, 43 F.3d at 517.  Therefore plaintiffs must assert "a case of actual controversy" within the jurisdiction of the presiding court which meets the requirements of Article III of the Constitution.  28 U.S.C. § 2201(a); Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1240 (10th Cir. 2008); see MedImmune v. Genentech, 549 U.S. 118, 126-27 (2007) (DJA applies to cases and controversies justiciable under Article III).[3]  Diversity jurisdiction would suffice, but as noted above, plaintiffs have not sufficiently alleged such jurisdiction.  Therefore, the complaint must allege an some other jurisdictional basis for its declaratory judgment claim.  The complaint alleges that "Defendants have threatened to bring claims asserting that Plaintiffs are successors-in-interest to Aleritas and/or may be held liable for allegedly wrongful conduct by Aleritas," and that "there is a justiciable case or controversy between Plaintiffs and Defendants."  Doc. #1 ¶¶ 61-62.  The complaint

---

[3]   The DJA also imposes a second hurdle on plaintiffs seeking a declaratory judgment. It provides that the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  Therefore, whether to issue a declaratory judgment is left entirely to the discretion of the district court.  See MedImmune, 549 U.S. at 136; State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994).  At this time, the Court does not consider whether to exercise its discretion to permit plaintiffs to bring their declaratory judgment claim.

then asks the Court "to declare that [plaintiffs] are not liable to Defendants for any allegedly unlawful conduct by Aleritas." Id. at 10. Without any specific factual allegations regarding the purported justiciable case or controversy or allegedly unlawful conduct, the complaint's threadbare recitation of a declaratory judgment cause of action is insufficient, i.e. it does not allege an independent jurisdictional basis for plaintiffs' DJA claim.

For the foregoing reasons, the Court orders plaintiffs to show cause in writing on or before August 24, 2011, why the Court should not dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss, Stay, Or Transfer (Doc. #12) filed December 6, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Leave To File Surreply To Defendants' Motion To Dismiss, Stay, Or Transfer (Doc. #18) filed February 4, 2011 be and hereby is **SUSTAINED in part**.

**IT IS FURTHER ORDERED that plaintiffs show cause in writing on or before August 24, 2011, why the Court should not dismiss plaintiffs' claims for lack of subject matter jurisdiction**.

**IT IS FURTHER ORDERED that the parties show cause in writing on or before August 24, 2011, why the Court should not consolidate this case with Archway Ins. Servs. v. Bank of Commerce & Trust, No. 11-2403-KHV-DJW (D. Kan.), if the Court has subject matter jurisdiction.**

Dated this 15th day of August, 2011 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge