**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

KENDALL STATE BANK, GARDEN CITY
STATE BANK, PEABODY STATE BANK,
FIRST UNITED BANK AND TRUST, BANK
OF COMMERCE AND TRUST, QUIVIRA
CAPITAL, LLC, AND KELLY DROUILLARD
                         Plaintiffs

vs.
                                                     Case No: 10-CV-2617

ARCHWAY INSURANCE SERVICES, LLC,
NEVADA INVESTMENT PARTNERS, LLC,
AND UNION ONE INSURANCE GROUP, LLC
                         Defendants

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

**COME NOW,** Defendants Union One Insurance Group, LLC, Nevada Investment
Partners, LLC, and Archway Insurance Services, LLC, by and through undersigned counsel, and
for their answer to Plaintiffs' Amended Complaint, state as follows:

1.      Each and every allegation of Plaintiff's Amended Complaint not herein specifically
admitted is denied.

2.      Defendants admit the contents of paragraphs 1 through 6 of Plaintiffs' Amended
Complaint.

3.      Defendants are without sufficient knowledge to either admit or deny the allegations
contained in paragraph 7 of Plaintiffs' Amended Complaint and, therefore, must deny the same.

1

4.      Defendants admit the contents of paragraphs 8 through 18 of Plaintiffs' Amended

Complaint, except to the extent that Randall Siko is the manager, not a member, of Nevada

Investment Partners, LLC.

5.      Defendants deny the contents of paragraph 19 of Plaintiffs' Amended Complaint.

6.      Defendants admit the contents of paragraphs 20 and 21 of Plaintiffs' Amended

Complaint.

7.      Defendants admit Aleritas Capital Corporation was formerly known as Brooke Credit

Corporation as alleged in paragraph 22 of Plaintiff's Amended Complaint, but are without

sufficient knowledge to admit or deny as to Aleritas' "specialty" and, therefore, must deny those

allegations.

8.      Defendants are without sufficient knowledge to either admit or deny the allegations

contained in paragraphs 23 through 25 of Plaintiffs' Amended Complaint and, therefore, must

deny the same.

9.      Defendants admit the contents of paragraphs 26 of Plaintiffs' Amended Complaint.

10.     Defendants admit the contents of paragraph 27 of Plaintiffs' Amended Complaint except

to the extent that they deny the Loan Documents attached as Exhibit A are complete, as Exhibit

A lacks the second page of the Commercial Loan Agreement and certain addendums to the Loan

Documents that are attached hereto as Exhibits 1, 2 and 3.

11.     In response to paragraphs 28 through 31, Defendants admit that the language within the

Loan Agreement states what it states, including the language within paragraph 6, and Defendants

further allege that all language within the Loan Agreement must be construed as a whole.

Defendants deny Plaintiffs' legal interpretation of the effect of the Loan Agreement and its various parts.

12.     In response to paragraph 32, Defendants admit that the language within the Loan Agreement states what it states, including the language within paragraph 6, and Defendants further allege that all language within the Loan Agreement must be construed as a whole. Defendants deny Plaintiffs' legal interpretation of the effect of the Loan Agreement and its various parts.  Further, Defendants are not aware of the terms in the "standard participation agreement," and, therefore, must deny any and all allegations as to the assignment rights of these Plaintiffs.

13.     In response to paragraphs 33 and 34, Defendants allege that all language within the Loan Agreement must be construed as a whole. Defendants deny Plaintiffs' legal interpretation of the effect of the Loan Agreement and its various parts.

14.     Defendants admit the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint.

15.     Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraphs 36 through 52 of Plaintiffs' Amended Complaint and, therefore, must deny the same.

16.     Defendants deny the allegations contained in paragraphs 53 through 57 of Plaintiffs' Amended Complaint.

## COUNT I

17.     In response to Plaintiffs' Amended Complaint paragraph 58, Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

3

18.     The claim alleged in Count I of Plaintiffs' Amended Complaint is not alleged against

Defendant Archway Insurance Services, LLC ("Archway"), and, therefore, Defendant Archway

denies the contents of Count I, paragraphs 58 through 75, of Plaintiffs' Amended Complaint.

19.     Defendants Union One Insurance Group, LLC ("Union One"), and Nevada Investment

Partners, LLC ("NIP") deny the contents of paragraph 59 of Plaintiffs' Amended Complaint.

20.     Defendant Union denies the contents of paragraph 60 of Plaintiffs' Amended Complaint

as it is not a borrower under the Commercial Loan Agreement and, therefore, is not required to

provide certain financial information to the Plaintiffs.  Defendants NIP and Union One deny the

contents of paragraph 60 of Plaintiffs' Amended Complaint as the borrowers are no longer

obligated under the Commercial Loan Agreement due to Aleritas' prior breach of the terms and

obligations of the note.

21.     Defendants Union One and NIP deny the contents of paragraph 61 of Plaintiffs'

Amended Complaint.

22.     Defendant Union One denies the contents of paragraph 62 of Plaintiff's Amended

Complaint as it is not a borrower under the Commercial Loan Agreement.  Defendants NIP and

Union One deny the contents of paragraph 62 of Plaintiffs' Amended Complaint as the

borrowers are no longer obligated under the Commercial Loan Agreement due to Aleritas' prior

breach of the terms and obligations of the note.

23.     Defendants Union One and NIP deny the contents of paragraph 63 of Plaintiffs'

Amended Complaint. In addition, Defendant Union One is not required to make payments under

the terms of the loan agreement as alleged in the Amended Complaint as it is not a borrower

under the Commercial Loan Agreement.  Further, Defendants NIP and Union One are not

4

required to make payments under the terms of the loan agreement as alleged in the Amended

Complaint as the borrowers are no longer obligated under the Commercial Loan Agreement due

to Aleritas' prior breach of the terms and obligations of the note.

24.     Defendants Union One and NIP admit the contents of paragraphs 64 of Plaintiff's

Amended Complaint.

25.     Defendant Union One denies the contents of paragraph 65 of Plaintiffs' Amended

Complaint as it is not a Borrower under the Commercial Loan Agreement.  Defendants NIP and

Union One deny the contents of paragraph 65 of Plaintiffs' Amended Complaint as the

borrowers are no longer obligated under the Commercial Loan Agreement due to Aleritas' prior

breach of the terms and obligations of the note.

26.     Defendants Union One and NIP admit the contents of paragraph 66 of Plaintiffs'

Amended Complaint.

27.     Defendant Union One denies the contents of paragraph 67 of Plaintiffs' Amended

Complaint as it is not a Borrower under the Commercial Loan Agreement.  Defendants NIP and

Union One deny the contents of paragraph 67 of Plaintiffs' Amended Complaint as the

borrowers are no longer obligated under the Commercial Loan Agreement due to Aleritas' prior

breach of the terms and obligations of the note.

28.     Defendants Union One and NIP admit the contents of paragraph 68 of Plaintiffs'

Amended Complaint.

29.     Defendant Union One denies the contents of paragraph 69 of Plaintiffs' Amended

Complaint as it is not a Borrower under the Commercial Loan Agreement.  Defendants NIP and

Union One deny the contents of paragraph 69 of Plaintiffs' Amended Complaint as the

borrowers are no longer obligated under the Commercial Loan Agreement due to Aleritas' prior breach of the terms and obligations of the note.

30.     Defendants Union One and NIP admit the contents of paragraph 70 of Plaintiffs' Amended Complaint.

31.     Defendant Union One denies the contents of paragraph 71 of Plaintiffs' Amended Complaint as it is not a Borrower under the Commercial Loan Agreement.  Defendants NIP and Union One deny the contents of paragraph 71 of Plaintiffs' Amended Complaint as the borrowers are no longer obligated under the Commercial Loan Agreement due to Aleritas' prior breach of the terms and obligations of the note.

32.     Defendants Union One and NIP deny the contents of paragraphs 72 through 74 of Plaintiffs' Amended Complaint.

33.     Defendants Union One and NIP admit the contents of paragraph 75 of Plaintiffs' Amended Complaint.

        **WHEREFORE,** Defendant Union One Insurance Group, LLC and Nevada Investment Partners, LLC respectfully request that this Court deny the contents of Count I of Plaintiffs' Amended Complaint, that Plaintiffs take nothing by way of their Amended Complaint, that Defendants Union One Insurance Group, LLC and Nevada Investment Partners, LLC are awarded reasonable attorney fees, and for such other and further relief as the Court deems just and equitable.

## COUNT II

34.     In response to Plaintiffs' Amended Complaint paragraph 76, Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

35.     Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 77 of Plaintiffs' Amended Complaint and, therefore, must deny the same.

36.     Defendants deny the contents of paragraph 78 of Plaintiffs' Amended Complaint.

37.     Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraphs 79 and 80 of Plaintiffs' Amended Complaint and, therefore, must deny the same.

38.     Defendants deny the contents of paragraph 81 of Plaintiffs' Amended Complaint to the extent that their allegations are asserted against Brooke Credit Corporation.

39.     Defendants admit the contents of paragraph 82 of Plaintiffs' Amended Complaint.

        **WHEREFORE,** Defendants Archway Insurance Services, LLC, Union One Insurance Group, LLC, and Nevada Investment Partners, LLC respectfully request that this Court deny the contents of Count II of Plaintiffs' Amended Complaint, that Plaintiffs take nothing by way of their Amended Complaint, that Defendants be awarded reasonable attorney fees, and for such other and further relief as the Court deems just and equitable.

## COUNT III

40.     In response to Plaintiffs' Amended Complaint paragraph 83, Defendants incorporate by reference their responses to the above paragraphs as if fully set forth herein.

41.     The claim alleged in Count III of Plaintiffs' Amended Complaint is not alleged against Defendant Archway, and, therefore, Defendant Archway denies the contents of Count III, paragraphs 83 through 92, of Plaintiffs' Amended Complaint.

42.     Defendants Union One and NIP admit the contents of paragraphs 84 and 85 of Plaintiffs' Amended Complaint, except to the extent that they deny they are obligated under the

Commercial Loan Agreement because of Aleritas' prior breach of the terms and obligations of the note. Defendant Union One further denies it is a borrower under the terms of the Commercial Loan Agreement.

43.     Defendants Union One and NIP admit the contents of paragraph 86 of Plaintiffs' Amended Complaint.

44.     Defendants Union One and NIP are without sufficient knowledge to either admit or deny the allegations contained in paragraph 87 of Plaintiffs' Amended Complaint and, therefore, must deny the same.

45.     Defendants Union One and NIP deny the contents of paragraphs 88 through 92 of Plaintiffs' Amended Complaint.

        **WHEREFORE,** Defendants Union One Insurance Group, LLC and Nevada Investment Partners, LLC, respectfully request that this Court deny the contents of Count III of Plaintiffs' Amended Complaint, that Plaintiffs take nothing by way of their Amended Complaint, that Defendants Union One Insurance Group, LLC and Nevada Investment Partners, LLC be awarded reasonable attorney fees, and for such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

46.     Defendants assert the following affirmative defenses:

        a)      Accord and satisfaction;

        b)      failure of consideration;

        c)      release;

        d)      waiver; and

8

        e)      first-to-breach rule, as Brooke Credit Corporation, Aleritas, and Plaintiffs materially breached the contract first.

47.     Defendants hereby reserve the right to plead any other affirmative defenses that may become known during the course of discovery.

## COUNTERCLAIMS

### JURISDICTIONAL STATEMENT

48.     Upon information and belief, Kendall State Bank is a banking corporation chartered under the laws of the State of Kansas with a principal place of business in Valley Falls, Kansas.

49.     Upon information and belief, Bank of Commerce and Trust is a banking corporation chartered under the laws of the State of Kansas with a principal place of business in Wellington, Kansas.

50.     Upon information and belief, First United Bank and Trust is a banking corporation chartered under the laws of the State of Maryland with a principal place of business in Oakland, Maryland.

51.     Upon information and belief, Garden City State Bank is a banking corporation chartered under the laws of the State of Kansas with a principal place of business in Garden City, Kansas.

52.     Upon information and belief, Peabody State Bank is a banking corporation chartered under the laws of the State of Kansas with a principal place of business in Peabody, Kansas.

53.     Upon information and belief, Kelly Drouillard is an individual domiciled in Kansas.

54.     Archway Insurance Services, LLC, is a limited liability company organized under the laws of Pennsylvania, with a principal place of business in Fort Washington, Pennsylvania.

55.     The members of Archway Insurance Services, LLC, are H. James Agnew, Debbie

Agnew, Eric Bossard, Frederick Milbert, and Randall Siko.  All are domiciled in Pennsylvania.

56.     Union One Insurance Group, LLC, is a limited liability company organized under the

laws of the State of Pennsylvania, with a principal place of business in Fort Washington,

Pennsylvania.

57.     The members of Union One Insurance Group, LLC are Debbie Agnew, Eric Bossard,

Frederick Milbert and Randall Siko, who are all domiciled in Pennsylvania.

58.     Nevada Investment Partners, LLC, is a limited liability company organized under the

laws of Pennsylvania, with a principal place of business in Fort Washington, Pennsylvania.

59.     The members of Nevada Investment Partners, LLC, are Debbie Agnew, Eric Bossard,

and Frederick Milbert, and the manager is Randall Siko. All are domiciled in Pennsylvania.

60.     This federal district court has subject matter jurisdiction over these counterclaims through

28 U.S.C. § 1332, as it involves a controversy between citizens of different states with an amount

in controversy in excess of $75,000.00.

61.     This federal district court has personal jurisdiction over Counterclaim Defendants

because they have all submitted to this Court's jurisdiction by filing the Complaint.

62.     The issues involved in this counterclaim are part of the same transaction as the Plaintiffs'

claim and this Court has already determined that venue properly lies in the District of Kansas.

## FACTUAL AVERMENTS COMMON TO ALL COUNTS

63.     Counterclaim Plaintiffs entered into an agreement with Brown & Brown to acquire the

James Harris book of business. The purchase price for the book of business was $5,250,000.00,

based upon a 1.7 multiplier of the alleged annualized revenue of the Harris book of business.

10

64.     The 1.7 multiplier was used because that was the amount that Counterclaim Plaintiffs,

Union One, Archway, and NIP, were advised was available in funding from Brooke Credit

Corporation. Brooke Credit Corporation represented itself as one of the largest lenders for the

insurance industry and claimed to have expertise in providing financing to the insurance

industry. Brooke further advised that a multiplier of 1.7 times annualized revenue was an

industry standard valuation method.

65.     Counterclaim Plaintiffs negotiated with Counterclaim Defendant Kelly Drouillard of the

Brooke companies to finance the purchase of the Harris book of business in accordance with a

required payment term, which called for the sum of $2,625,000.00 to be paid within two (2) days

of execution of said agreement, the sum of $1,312,500.00 to be paid on or before January 23,

2008, and a final payment due on or before October 17, 2008.

66.     On August 27, 2007, Brooke Credit Corporation committed to fund the entire

$5,250,000.00 of the Brown & Brown acquisition of the Harris book of business in three (3)

installments. The first installment was to be in the amount of $2,625,000.00 payable at the time

of closing, which was contemplated in September 2007. Two remaining payments of

$1,312,500.00 each were committed to be paid in accordance with the terms of the final

agreement reached between the parties for the acquisition of the James Harris book of business

from Brown & Brown. Brooke Credit Corporation agreed that the borrower would be The Harris

Agency in its commitment letter.

67.     On August 31, 2007, Brooke Credit Corporation added an additional requirement that

Union One be added as a co-borrower in connection with the financing of the acquisition of the

Harris book of business.

68.     On September 24, 2007, Brooke Credit Corporation notified the borrowers that it had obtained a "credit" insurance policy in favor of Brooke Credit Corporation to protect against any default on the loans by The Harris Agency. This policy was to provide a "guarantee" in the event that circumstances prevented the loans from being repaid by The Harris Agency. At the time of the settlement of the loan, Brooke Credit Corporation charged a fee in the amount of $36,625.00, which was to be used to acquire the said policy of credit insurance in favor of the lender. The said policy of insurance was represented to have been acquired by Brooke Credit Corporation from DB Indemnity and backed by an "admitted carrier." However, numerous requests for confirmation of such coverage and documentation of the same has never been produced by the Banks.

69.     Counterclaim Plaintiffs accepted the Brooke Credit Corporation loan commitment terms and a closing of the transaction took place on October 16, 2007.

70.     In or around January 2008, Brooke Credit Corporation notified Union One and NIP that despite its commitment to do so, it would not fund the second tranche of funding for the acquisition purchase agreement unless it received personal guarantees from several principals of the Counterclaim Plaintiff entities.

71.     Because the officers of the Counterclaim Plaintiffs' corporations did not wish to pledge personal guarantees under the changed contract terms, Counterclaim Plaintiffs arranged financing for the second installment in the amount of $1,312,500.00, plus interest.

72.     In exchange for fulfilling this obligation for the second tranche or installment, Brooke Credit Corporation provided a release and removed Union One as an obligor under the original note. (See attached Exhibit 3.)

12

73.     Counterclaim Plaintiffs made the second tranche or installment payment in reliance upon Brooke Credit Corporation's release of Union One as an obligor to the note.

74.     In or around the end of October, 2008, at approximately the end of the first year of operations of The Harris Agency with the James Harris book of business being exploited, Counterclaim Plaintiffs learned for the first time that said book of business generated only approximately $1,700,000.00, as opposed to the $3,800,000.00 which had been represented.

75.     As a result, The Harris Agency was unable to generate sufficient income to sustain itself, let alone repay the loans obtained for the acquisition for the James Harris book of business as aforesaid.

76.     In January 2009, The Harris Agency filed a petition for relief under the provisions of Chapter 11 of the United States Bankruptcy Code as it was unable to make payment of the third tranche required by the acquisition agreement.

**COUNT I**
**TORTIOUS INTERFERENCE WITH EXISTING BUSINESS RELATIONSHIPS**
(Against Kendall State Bank, Garden City State Bank, Peabody State Bank,
First United Bank & Trust, and Bank of Commerce & Trust)

77.     Counterclaim Plaintiff Union One Insurance Group, LLC incorporates by reference the allegations in the preceding paragraphs of their counterclaim.

78.     In September 2008, Counterclaim Plaintiff was notified that the payment servicing of the loan was transferred to Kendall State Bank.

79.     Kendall State Bank, as the agent for Counterclaim Defendants Bank of Commerce & Trust, Garden City State Bank, Peabody State Bank and First United Bank & Trust, made demand upon the customers and insurance companies doing business with Union One for payment of Union One's accounts receivable/commissions in a purported attempt to exercise

13

their rights under K.S.A. 84-9-607(a).

80.     The Counterclaim Defendants, as participation members in the loan, do not have authority to collect on the loan or any past-due amounts owed on the loan.

81.     Counterclaim Defendants Garden City State Bank, Peabody State Bank, First United Bank and Trust, and Bank of Commerce and Trust are responsible for the torts of their agent, Kendall State Bank.

82.     As Union One is no longer obligated under the loan agreement, these demand letters to Union One's customers and business partners misrepresented Union One's indebtedness, falsely indicating to Union One's customers and business partners that Union One was indebted to Counterclaim Defendants, had defaulted on a loan agreement, and had provided security under the loan agreement on which they were attempting to execute.

83.     Consequently, Union One has lost business revenue and the goodwill of its customers and business partners.

84.     After the first demand letters were sent to Union One's customers, the Banks were notified that Union One objected to collection of its accounts receivable, that the demand was improper, and that Union One was not indebted under the loan agreement.

85.     Counterclaim Defendants have repeated their intentional tortious act of mailing Counterclaim Plaintiff's customers and business partners a second letter.

86.     Counterclaim Defendants have attempted to interfere with Union One's business relationships with over 125 companies.

87.     Counterclaim Defendants knew of these business relationships between Union One and the third-party companies through the improper use of financial information provided to Brooke Credit and/or Aleritas.

88.     Counterclaim Defendants improperly sent UCC demand letters to these companies in an attempt to collect a past due balance on the loan that is the subject of this lawsuit.

89.     In addition, Counterclaim Defendants breached the requirements of K.S.A. 84-9-607(c) to proceed with collection attempts in a commercially reasonable manner by:

> a) contacting companies who are not current clients of Union One;
>
> b) contacting companies not owing money to Union One; and
>
> c) trying to collect monies not legally owed to Counterclaim Defendants.

90.     Counterclaim Defendants breached the duty of good faith required of all UCC contracts under K.S.A. 84-1-203, as Brooke Credit released Union One from this loan in 2008.

91.     The actions of the Counterclaim Defendants were intentional, willful, and malicious.

92.     Counterclaim Plaintiff Union One has sustained damages in an amount in excess of $75,000.00.

**WHEREFORE**, Defendant/Counterclaim Plaintiff Union One Insurance Group, LLC respectfully requests that this Court grant it damages in excess of $75,000.00 for Counterclaim Defendants' tortious interference with Counterclaim Plaintiff's existing business relationships, that Plaintiffs/Counterclaim Defendants take nothing by their Amended Complaint, that Counterclaim Plaintiff be awarded reasonable attorney fees, and for such other and further relief as the Court deems just and equitable.

## COUNT II
## FRAUD IN THE INDUCEMENT
(Against Kelly Drouillard)

93.     Counterclaim Plaintiffs Union One Insurance Group, LLC and Nevada Investment Partners, LLC incorporate by reference the allegations in the preceding paragraphs of their counterclaim.

94.     Kelly Drouillard ("Drouillard") acted as an agent of Brooke Credit Corporation during the period in which the Counterclaim Plaintiffs sought financing through Brooke Credit Corporation for the purchase of the Harris book of business.

95.     Drouillard made representations to the Counterclaim Plaintiffs regarding the appropriate valuation of the Harris book of business, the availability of credit insurance for the financing of the loan, and services to be provided through Brooke Capital Advisors, Inc.'s Borrower's Assistance Plan.

96.     The representations made by Drouillard were false as the Harris book of business was worth substantially less than asserted, the credit insurance purchased by the Counterclaim Plaintiffs was never actually obtained by Brooke Credit Corporation, and the services advertised through Brooke Capital Advisors were never rendered as promised.

97.     The Counterclaim Plaintiffs relied upon the representations of Drouillard in obtaining financing to purchase the Harris book of business, paying for the credit insurance policy, and purchasing the Borrower's Assistance Plan through Brooke Capital Advisors.

98.     The Counterclaim Plaintiffs' reliance on Drouillard's representations was justified because Drouillard was an agent of Brooke Credit Corporation, which claimed to have expertise in providing financing to insurance companies.

99.     Counterclaim Plaintiffs were damaged in an amount in excess of $75,000.00 due to

Drouillard and Brooke Credit Corporation's incorrect valuation of the Harris book of business,

their failure to obtain a credit insurance policy, and their failure to render the services of Brooke

Capital Advisors as advertised.

    **WHEREFORE**, Defendants/Counterclaim Plaintiffs Union One Insurance Group, LLC

and Nevada Investment Partners, LLC respectfully request this Court find that Counterclaim

Defendant Kelly Drouillard induced Counterclaim Plaintiffs into signing the contract at issue

through fraud, and award Counterclaim Plaintiffs damages in excess of $75,000.00, plus

attorneys fees and costs, and such other and further relief as the Court deems just and equitable.

**COUNT III**
**BREACH OF CONTRACT**
(Against Kendall State Bank, Garden City State Bank, Peabody State Bank,
First United Bank & Trust, and Bank of Commerce & Trust)

100.    Counterclaim Plaintiff Archway Insurance Services, LLC incorporates by reference the

allegations in the preceding paragraphs of their counterclaim.

101.    Counterclaim Plaintiff Archway was named a secured party to the Commercial Loan

Agreement and given a one-third security interest in the collateral at issue by reason of providing

funding for the second installment of the payment to Brown & Brown.

102.    Counterclaim Defendants foreclosed on the security interest and obtained $2,000,000.00

through the sale of The Harris Agency.

103.    Counterclaim Plaintiff Archway is, through its position as a secured party with respect

to the Commercial Loan Agreement, entitled to one-third of the proceeds of the collateral sold.

104.    Counterclaim Defendants have failed to honor Counterclaim Plaintiff Archway's

position as a secured party to the Commercial Loan Agreement, breaching the contract.

17

**WHEREFORE**, Defendant/Counterclaim Plaintiff Archway Insurance Services, LLC respectfully requests this Court find that it is entitled to one-third of the proceeds from the sale of The Harris Agency collateral, for reasonable attorney fees, costs, interest, and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

BUTLER & ASSOCIATES, P.A.

/s/ Todd B. Butler
Todd B. Butler,  #12711
3706 S. Topeka Blvd., Suite 300
Topeka, KS 66609
Ph.  (785) 267-6444
Fax  (785) 267-7341
todd@balaw.org

/s/   Philip A. Yampolsky
Philip A. Yampolsky, PA# 34711
632 Montgomery Ave., Suite 300
Narbeth, PA 19072
Ph.  (610) 747-0222
phil@yampolsky.com

*Attorneys for Plaintiff.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2011, I electronically filed the foregoing Defendant Union One Insurance Group, LLC's Answer to Plaintiffs' Amended Complaint with the clerk of the court by using the CM/ECF system, which distributes copies to all counsel of record.

SPENCER FANE BRITT & BROWNE LLP
Barry L. Pickens, #20183
J. Loyd Gattis, III, #15822
Nathan A. Orr, #23510
bpickens@spencerfane.com
lgattis@spencerfane.com
nor@spencerfane.com

Attorneys for Plaintiffs Kendall State
Bank, Bank of Commerce and Trust, First
United Bank and Trust, Garden City State
Bank, Peabody State Bank, Quivira Capital,
LLC, and Kelly Drouillard

/s/ Todd B. Butler
Todd B. Butler,  #12711