IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KENDALL STATE BANK,** et al., | ) ) ) | Civil Action |
| Plaintiffs, | ) ) ) | No. 10-CV-2617-KHV-DJW |
| v. | ) ) | |
| **ARCHWAY INSURANCE SERVICES, LLC,** et al, | ) ) ) ) | |
| Defendants. | ) ) | |
| **ARCHWAY INSURANCE SERVICES, LLC,** et al., | ) ) ) ) | Civil Action |
| Plaintiffs, | ) ) | No. 11-CV-2403-KHV-DJW |
| v. | ) ) | |
| **HARRIS,** et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Protective Order (ECF No. 40) filed by Defendants Archway Insurance Services, LLC, Nevada Investments Partners, LLC, and Union One Insurance Group, LLC (hereinafter collectively referred to as "Defendants"). Plaintiffs Kendall State Bank, Garden City State Bank, Peabody State Bank, First United Bank and Trust, and Bank of Commerce and Trust (hereinafter collectively referred to as "Plaintiffs") oppose the motion. For the reasons set forth below, the motion is granted in part and denied in part.

**I.    Background Information**

On July 27, 2011, this Court held a hearing on Plaintiffs' Renewed Motion for Expedited Discovery (ECF No. 34). In addition to granting the motion, this Court granted Defendants' oral request for a protective order limiting Plaintiffs' use of documents, including production analysis reports, that Defendants were to produce in discovery. The Clerk's Courtroom Minute Sheet of the proceedings further memorialized this Court's ruling. The Minute Sheet entry states:

> Other than appropriate use in this litigation, Plaintiffs are prohibit[ed] from using non-public information obtained from the production analysis reports and other documents Defendants produce in discovery until such time as the Court can take up the issue of the appropriate use of the information. To that end, Defendants shall file a motion for protective order *with supporting authority* no later than August 5, 2011. Plaintiffs shall file their response by August 15, 2011.

Minute Entry for Telephone Motion Hearing held on 7/27/2011 before Magistrate Judge David J. Waxse, (ECF No. 38). Thus, the minute entry directed Defendants to file a motion for protective order briefing the issue of appropriate use of the Defendants' discovery production and including supporting authority on the issue.

Defendants do not submit a proposed protective order. Rather, defendants broadly state in their motion that they seek a protective order "govern[ing] all documents produced by Defendants in the course of discovery in this case." They assert the protective order should prohibit Plaintiffs from using information gained through discovery "to identify and/or communicate with third parties or disclose this information to third parties," and that the information "may only be used by Plaintiffs in the litigation of this case." Lastly, Defendants propose the protective order include the following language: "Pursuant to the Court's ruling of July 27, 2011, the court may determine what constitutes appropriate use of the confidential information and/or may modify this protective order." Defendants' Motion for Protective Order at 2.

2

Plaintiffs contend that this Court should not impose any restriction on Plaintiffs' use of the information contained in the documents, as Defendants have failed their burden to demonstrate good cause. Plaintiffs' Memorandum in Opposition at 3. Plaintiffs further argue that a protective order limiting use to this case should only be entered where particular abuse is proved, which they assert Defendants have not identified, let alone proved. Plaintiffs argue Defendants' motion rests purely on speculation.

Plaintiffs further state:

> Given that Plaintiffs do not intend to make such use of this information any way [sic], and to avoid the expense of fighting about the issue, the undersigned made an offer to defense counsel that Plaintiffs would have stipulated to entry of an agreed protective order preventing Plaintiffs' use of the information set forth in these financial documents "to attempt to collect money from third parties associated with Defendants" (the only particular harm that Defendants identified in their motion). Defendants never responded to the offer. If this Court does not deny the motion outright, it should at most direct these parties to confer and attempt to agree to an order that would prohibit the only remotely-specific harm Defendants have alleged – use to send collection letters – rather than the vague, open-ended prohibition Defendants seek against any "inappropriate" use ([to be] determined later by this Court).

Plaintiffs' Memorandum in Opposition, at 4-5.

A party may request the court to enter a protective order pursuant to Fed. R. Civ. P. 26(a) as a means to protect the confidential information from disclosure to individuals or entities not connected with the litigation.[1] The decision whether to enter a protective order is within the court's discretion.[2] Rule 26 (c) nevertheless requires that the party seeking the protective order establish

---

[1] *Stewart v. Mitchell Transport*, 2002 WL 1558210 (D. Kan. July 8, 2002) at *5.

[2] *Id.* (citing *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995)).

"good cause" for the protective order.[3]  In determining whether good cause exists for the court to issue a protective order that prohibits partial or complete dissemination of documents or other materials obtained in discovery to non-parties, "the initial inquiry is whether the moving party has shown that disclosure of the information will result in a 'clearly defined and very serious injury.'"[4]

The Court finds Defendants' motion sidesteps the Court's directive in its July 27, 2011 minute order.  The Court specifically directed Defendants to file a motion for protective order *with supporting authority* briefing the issue of the "appropriate use" of the non-public information obtained from the production analysis reports and other documents, to enable the Court to specifically construct a protective order narrowly tailored to meet this criteria.  Although Defendants have asked the Court to enter a protective order, they have failed to show how the disclosure of the alleged confidential information to any non-parties would result in "clearly defined" or "serious injury."  Instead, Defendants simply make the circular assertion that the protective order shall include the ability for the Court to determine what constitutes appropriate use.

Without the requisite briefing, the Court is hampered in making a factually supported finding of good cause.  Nonetheless, Plaintiffs have conceded that they would be willing to "confer and attempt to agree" to an order that would prohibit "the only remotely-specific harm Defendants have alleged – use to send collection letters – rather than the vague, open-ended prohibition Defendants seek against any 'inappropriate' use ([to be] determined later by this Court.)"  Thus, the Court orders that the parties are hereby prohibited from using discovery for collection attempts.

---

[3] *Id.* (citing *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000)).

[4] *Id.* (citing *Zapata v. IBP, Inc.*, 160 F.R.D. 625, 627 (D. Kan. 1995)(quoting *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 480 (S.D.N.Y. 1982)(internal quotations omitted)).

To the extent Defendants seek further protections on the use of discovery in this litigation, counsel shall confer with opposing counsel regarding submission of a proposed protective order.[5] Within ten (10) days of the date of filing of this Order, counsel for the parties shall confer and attempt to agree upon such a protective order. If the parties are unable to reach an agreement, the Court will allow Defendants five (5) days thereafter to move for a protective order prohibiting the disclosure of these documents to non-parties and prohibiting the use of these documents outside of this lawsuit. Plaintiffs shall file their response to the motion for protective order within five (5) days after service of the motion.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order (ECF No. 40) is granted in part and denied in part as set forth herein.

Dated in Kansas City, Kansas on this 29th day of November, 2011.

s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge

cc:   All counsel

---

[5]In the interest of justice, the Court will direct the parties to submit an agreed protective order prohibiting disclosure of the alleged confidential documents/information to non-parties and prohibiting the use of these documents/information outside of this lawsuit. See *Hill v. Dillard's, Inc.*, 2001 WL 1718367 (D. Kan. Oct. 9, 2001) at *5 (directing parties to attempt to draft a protective order to prevent disclosure of requested documents to non-parties).