**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KENDALL STATE BANK, GARDEN CITY STATE BANK, PEABODY STATE BANK, FIRST UNITED BANK AND TRUST, THE BANK OF COMMERCE AND TRUST CO., QUIVIRA CAPITAL, LLC and KELLY DROUILLARD, ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 10-2617-KHV** |
| ARCHWAY INSURANCE SERVICES, LLC, NEVADA INVESTMENT PARTNERS, LLC and UNION ONE INSURANCE GROUP, LLC, ) ) ) ) | |
| Defendants, ) | |
| _____ ) | |
| ) | |
| ARCHWAY INSURANCE SERVICES, LLC, UNION ONE INSURANCE GROUP, LLC, NEVADA INVESTMENT PARTNERS, LLC, and TRINITY CAPITAL MANAGEMENT, LLC, ) ) ) ) ) | |
| Plaintiffs, ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 11-2403-KHV** |
| BANK OF COMMERCE AND TRUST, GARDEN CITY STATE BANK, PEABODY STATE BANK, KENDALL STATE BANK, FIRST UNITED BANK AND TRUST, KELLY DROUILLARD and QUIVIRA CAPITAL, LLC, ) ) ) ) ) ) | |
| Defendants. ) | |
| _____ ) | |

**<u>MEMORANDUM AND ORDER</u>**

This Memorandum and Order rules on motions in Civil Action No. 10-2617-KHV, the first of

two consolidated cases.  In this case, Union One Insurance Group, LLC, Nevada Investment Partners, LLC and Archway Insurance Services, LLC have asserted counterclaims against Kendall State Bank, Garden City State Bank, Peabody State Bank, First United Bank and Trust, The Bank of Commerce and Trust Co. and Kelly Drouillard.  The counterclaims allege tortious interference with existing business relationships, fraud in the inducement and breach of contract.  This matter is before the Court on Plaintiffs' Motion For Summary Judgment (Doc. #91) and Union One And Archway's Motion For Partial Summary Judgment (Doc. #93), both filed August 6, 2012.  Plaintiffs assert that they are entitled to summary judgment on each of defendants' counterclaims, while Union One and Archway seek summary judgment on Count I of the Amended Complaint and Count III of their own counterclaim.  For the following reasons, the Court overrules both motions.

## Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993).  A "genuine" factual dispute is one "on which the jury could reasonably find for the plaintiff," and requires more than a mere scintilla of evidence.  Liberty Lobby, 477 U.S. at 252.  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008).  Once the moving party meets its burden, the burden shifts to the

nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which it carries the burden of proof.  Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  As to these matters, the nonmoving party may not rest on its pleadings but must set forth specific facts.  Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085.  Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact.  Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment.  Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009).  Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative.  Liberty Lobby, 477 U.S. at 250-51.  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

## **Analysis**

Although the parties include several grounds in their cross motions for summary judgment, the issues boil down to two main arguments: (1) whether Union One was still an obligor on the Commercial Loan Agreement ("CLA") following a 2008 amendment to the CLA, and whether that amendment granted Archway secured status; and (2) whether Union One reaffirmed its obligations under the CLA in a 2009 Stipulated Agreement filed in a bankruptcy action in Pennsylvania, which became the basis of a confessed judgment entered in favor of the banks and against Union One in Montgomery County,

Pennsylvania on July 20, 2012.  Plaintiffs dispute the 2008 amendment, stating that they had not seen it or heard of its existence until defendants came up with it in this lawsuit.  Plaintiffs essentially deny that the parties executed the 2008 amendment.  As for the 2009 Stipulated Agreement, Union One denies that the signature on the document is that of the managing member who purportedly signed it and further denies that the managing member gave permission for his signature stamp to be used on the document.  Union One also points out that not all of the banks that were parties to the Stipulated Agreement signed the document.

Plaintiffs dispute the 2008 amendment and Union One disputes the 2009 Stipulated Agreement.  A genuine issue exists with respect to material facts, and thus neither party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Accordingly, the Court overrules both summary judgment motions.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Summary Judgment (Doc. #91) and Union One And Archway's Motion For Partial Summary Judgment (Doc. #93), filed August 6, 2012, be and hereby are **OVERRULED**.

Dated this 31st day of October, 2012 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge