IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KENDALL STATE BANK,** et al., | ) ) ) | **Civil Action** |
| Plaintiffs, | ) ) | No. 10-CV-2617-KHV-DJW |
| v. | ) ) | |
| **ARCHWAY INSURANCE SERVICES, LLC,** et al, | ) ) ) | |
| Defendants. | ) ) ) | |
| **ARCHWAY INSURANCE SERVICES, LLC,** et al., | ) ) ) | **Civil Action** |
| Plaintiffs, | ) ) | No. 11-CV-2403-KHV-DJW |
| v. | ) ) | |
| **HARRIS,** et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Leave to File Amended Counterclaim (ECF No. 129) filed by Defendant Union One Insurance Group, LLC. Plaintiffs Kendall State Bank, Garden City State Bank, Peabody State Bank, First United Bank and Trust, and Bank of Commerce and Trust (hereinafter collectively referred to as "Plaintiffs") oppose the motion. For the reasons set forth below, the motion is granted.

Plaintiff Banks sued Defendants Union One Insurance Group and Nevada Investment Partners for breach of contract and replevin. On October 11, 20122, Union One counterclaimed for

tortious interference with business relationships. The deadline to amend the pleadings was December 15, 2011. Discovery closed on May 30, 2012. By mutual agreement of the parties, depositions of the Banks' representatives occurred on June 13, 2012. Defendant contends that through the course of discovery, begun after the amendment deadline, Union One learned that the Banks communicated individually with companies in a commercially unreasonable manner throughout the second half of 2011, and that the Banks sent a second letter purporting to exercise their rights under the U.C.C. in September 2011 that contained untruthful statements.

In ruling on this motion to amend, the Court finds a brief recitation of the relevant facts is warranted. The deadline for submission of the proposed pretrial order was June 25, 2012, just 12 days after the final depositions concluded. Defendants included their additional factual allegations in the proposed pretrial order. This Court held a pretrial conference on July 2, 2012, and Plaintiffs raised no objections to the additional allegations before or during the pretrial conference. This Court requested that the parties submit a second proposed pretrial order by July 13, 2012, to correct several sentences in the original order. Plaintiffs did not object to the inclusion of the additional factual allegations until this second proposed pretrial order was due. At that time, in the proposed pretrial order, Defendants offered to file a motion for leave to amend if the Court preferred. During the November 6, 2012 pretrial conference, this Court advised the parties that it was inclined to recommend exclusion of the additional factual allegations. Defendant immediately filed this motion for leave to amend Union One's counterclaim. Thus, the matter of whether certain language should be permitted in the Pretrial Order is now squarely presented to the Court in the posture of ruling on the motion to amend, which has been fully briefed by both sides.

In support of its motion to amend, Defendant asserts that Plaintiffs cannot truly claim surprise at Union One's desire to amend its counterclaim to conform with the facts as this has been an issue since the proposed pretrial order was first submitted to the Court in June. Defendant contends that because the matter was raised at the pretrial conference in July, the amendment should not be denied solely because Union One did not file a motion for leave.

A party may amend pleadings as a matter of course once within three weeks of service of the pleading.[1]  After that period has passed, amendments to pleadings may only occur with consent of the opposing party or leave of the Court.[2]  The trial court has discretion to grant leave to amend the pleadings under Fed. R. Civ. P. 15(a).[3]  Leave should be "freely given when justice so requires"[4] and this is a mandate "to be heeded."[5]  The intent of Rule 15 is to allow parties "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[6]  Leave to amend may be denied for the following reasons: repeated failure to cure deficiencies, futility of the amendment, bad faith, or undue prejudice to the opposing party.[7]

1.  Timeliness of Union One's motion for leave.

---

[1] Fed. R. Civ. P. 15(a)(1).

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[4] *Id.*

[5] *Acker v. BNSF Rwy.*, 215 F.R.D. 645, 646 (D. Kan. 2003).

[6] *Layne Christensen Co. v. Bro-Tech Corp.*, 2011 U.S. Dist. LEXIS 96368 *10 (D. Kan. Aug. 29, 2011)(internal citations omitted).

[7] *Acker*, 215 F.R.D. at 647.

Though courts have held that untimeliness alone can be a reason to deny leave to amend, most cases emphasize that this is true when there is no adequate explanation for the delay.[8] The Court finds in this case, based upon a full review of the record, that Union One has presented good cause for the delay in proposing to amend its factual allegations.

While Plaintiffs cite three cases for their contention that Union One's motion is too tardy to be allowed, the Court finds that these cases are distinguishable from the present circumstances. In *Welch v. Centex Home Equity Co.*, the plaintiff proposed an amended complaint that added a claim for fraud, was twice the length of the original complaint, and – what the *Welch* court deemed most important – was proposed after the plaintiff had been granted leave *three* times to amend her complaint already.[9] Important to this Court's decision is the *Welch* court's statement that the plaintiff's latest attempt to amend her complaint did not come from new facts she had learned during discovery.[10] This is what distinguishes this case from *Welch*. The Court recognizes that Union One is not adding a new cause of action, the proposed counterclaim is not significantly longer, it has not had multiple chances to amend its counterclaim, and the new factual allegations are based on facts learned late in discovery. Accordingly, the Court finds that the treatment of the facts in *Welch* support allowing Union One to amend its factual allegations.

The second case Plaintiffs cite is *Campbell v. Meredith Corporation*, 260 F. Supp. 2d 1087 (D. Kan. 2003). There, the court refused to allow the amendment.[11] But in *Campbell*, the pretrial order had been on file for six months before the plaintiff attempted to amend.[12] In this case, Union

---

[8] *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); *Welch v. Centex Home Equity Co.*, 323 F. Supp. 2d 1087 (D. Kan. 2004).

[9] 323 F. Supp. 2d at 1091.

[10] *Id.* at 1092.

[11] *Id.*

[12] *Id.* at 1109.

One learned of the new allegations in the weeks preceding the pretrial order and attempted to include the additional factual allegations in the pretrial order. Under Fed. R. Civ. P. 16(c)(2)(B), the pretrial conference is an appropriate time to amend the pleadings. And Union One offered to file a motion for leave if the Court so desired. Based on the facts presented here, the Court finds that Union One's motion for leave is dissimilar from Campbell's motion, and thus *Campbell* is not persuasive authority

Finally, Plaintiffs' cite to *Duncan v. Manager, Department of Safety,*[13] for the proposition that untimeliness alone is a reason to deny leave to amend. There, the Tenth Circuit found the district court's decision to be an appropriate exercise of discretion because the plaintiff's proposed amendment was based on evidence inadmissible in court.[14] Here, not only is Union One's evidence supporting its additional factual allegations admissible at trial, but Union One has indicated such evidence will be introduced at trial as evidence of malice on Union One's original counterclaim facts. Consequently, the Court finds that *Duncan* does not support denial of Union One's motion.

<u>2. Plaintiffs will not suffer undue prejudice if this Court grants Union One leave.</u>

Union One's original counterclaim alleged that Plaintiff Banks had sent two sets of demand letters out, in June 2011 and then again shortly before the counterclaim was filed. Union One represents that at the time the counterclaim was filed, Union One only knew that the letters should not have been sent because Union One had been released from the loan agreement and the letters were sent to many companies Union One was not doing business with. The deadline to amend pleadings passed a mere two months later. Then discovery began. According to Union One, it was not until late May and early June 2012 that it learned that the second set of letters contained several misleading and untruthful statements. At the same time, Union One learned of commercially unreasonable communications between Bank employees and between the Bank employees or their

---

[13] 397 F.3d 1300 (10th Cir. 2005).

[14] *Id.* at 1315.

attorneys and the companies receiving the letters. Union One did not know the content of these communications in October 2011, and did not learn about the content until late May and mid-June 2012. The Court thus finds, contrary to Plaintiffs' assertions, that these allegations do not present a moving target. They are the same allegations raised in the depositions of the Bank representatives in May and June 2012, the same allegations made in the two proposed pretrial orders in June and July 2012, and the same allegations included in the proposed Amended Counterclaim.

The Court finds any claim of surprise by the Banks by these allegations is undermined by the fact that the allegations are based on letters and emails written by Bank employees and their attorneys, and on telephone calls between Bank employees and the companies that received the demand letters. While the Banks argue they will suffer prejudice because they cannot "conduct discovery," they do not specify what discovery they wish to conduct. What can the Banks ask Union One regarding the Banks' internal communications? What relevant information does Union One hold that the Banks do not regarding the Bank employees' conversations and correspondence with third parties? The Court finds the case *P.S. v. The Farm, Inc.*[15] instructive here. The defendants in that case also claimed the court should deny leave to amend because of an inability to conduct discovery.[16] But, just as here, the defendants never identified any specific discovery requests or depositions that would be necessary. *Id.* And, just as here, the defendants failed to show the court that discovery from the plaintiff was necessary regarding the defendant's own state of mind. *Id.* The factual allegations involve the Banks' own state of mind and actions, not those of Union One or a third party. Discovery will not materially assist the Banks in mounting a defense to their own words.

Further, Union One has made a showing that the Banks do know what Union One's specific allegations are. Union One maintains that the depositions of the Bank representatives on May 25, 2012, and June 13, 2012, covered the correspondence and communications that Union One believes

---

[15] 658 F. Supp. 2d 1281 (D. Kan. 2009).

[16] 658 F. Supp. 2d at 1302.

is misleading and not commercially reasonable. Union One further asserts that Defendants' response to Plaintiffs' summary judgment motion lays out what statements are misleading and what statements and actions are not commercially reasonable. The Court finds that it is not unduly prejudicial to the Banks to allow Union One to make allegations regarding these communications.

Lastly, the Banks' attorney attempts to invoke judicial immunity for his communications with Union One's account debtors. This is unsupported by law or statute. Judicial immunity protects judges.[17] The Banks' attorneys are not judges. Quasi-judicial immunity extends to individuals "faithfully carrying out the appointing judge's orders."[18] The Court has not yet ordered judgment in this matter. The Banks' attorneys were not faithfully carrying out this Court's orders when they communicated with account debtors to collect on this loan. Judicial immunity, quasi or full, offers no protection to the Banks or their attorneys for their actions in attempting to collect on the loan.

In sum, the Court finds that Defendant has sufficiently explained why it did not file a motion to amend at an earlier date – that Defendant believed it would be permitted to amend the Counterclaim through inclusion of the language in the Pretrial Order.  The Court finds that Union One meets the liberal standards of Rule 15. Union One learned of new communications after filing its tortious interference counterclaim. It learned this well after the deadline to amend the pleadings, and shortly before pretrial, which is an appropriate time to amend the pleadings.  The Court, in its discretion, based upon all the facts and circumstances, finds in the interests of justice, that Union One's motion for leave should be granted.

IT IS THEREFORE ORDERED that Defendant Union One's Motion for Leave to File Amended Counterclaim  (ECF No. 129) is granted as set forth herein.   Defendant Union One is directed to file its Amended Counterclaim forthwith.

Dated in Kansas City, Kansas on this 26th day of November, 2012.

---

[17] *See Orr v. Riederer*, 2010 U.S. Dist. LEXIS 135198 *10 (D. Kan. Dec. 21, 2010).

[18] *Id.* at *11.

                              <u>s/ David J. Waxse</u>
                              David J. Waxse
                              U.S. Magistrate Judge

cc:    All counsel