# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDALL STATE BANK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-2617-KHV |
| ARCHWAY INSURANCE SERVICES, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion To Withdraw As Counsel For Defendants (Doc. #176) filed May 7, 2013 by Todd Butler and Stephanie Poyer. Butler and Poyer seek leave to withdraw as counsel for Union One Insurance Group, LLC pursuant to D. Kan. Rule 83.5.5. Plaintiffs Kendall State Bank, Bank of Commerce and Trust Company, First United Bank and Trust, Garden City State Bank and Peabody State Bank ("the Banks") oppose the motion. For the reasons set forth below, the Court sustains movants' motion to withdraw.

## Factual Background

On January 8, 2013, the Court entered judgment in the Banks' favor against Union One and Nevada Investment Partners, LLC in the amount of $2,000,000. See Consent Judgment (Doc. #169). In an effort to execute the judgment, the Banks served on Union One interrogatories and requests for production pursuant to Rule 69, Fed. R. Civ. P. See Certificate of Service (Doc #175) filed April 9, 2013. Union One did not respond.

Shortly before the discovery response deadline, movants filed the instant motion. They represent that "Union One has been unable to obtain all information responsive to the discovery

requests" and that movants "can no longer effectively represent [Union One] in this matter." (Doc. #176). As reasons for their request to withdraw, they cite outstanding legal fees and differences of opinion. See Memorandum In Support of Motion To Withdraw (Doc. #180) filed May 28, 2013.

Movants attach to their motion a letter of intent which they wrote to Kevin Kelly, Randall Siko and Eric Bossard. (Doc. #176 Ex. A). Kelly is general counsel for Alliance National Insurance, a corporation related to Union One. Siko and Bossard are Union One shareholders. The letter advised Kelly, Siko and Bossard of movants' intent to withdraw and of Union One's responsibility to comply with all court orders and procedural time limitations. The letter also advised them of the due date for a response to the Banks' interrogatories and requests for production, and that movants would shortly be serving them with a copy of the motion to withdraw.

Movants also filed proof of service, which certified service of the letter on Kelly, Siko and Bossard. Proof Of Service (Doc. #179) filed May 22, 2013. As evidence of service, movants presented a signed certified mail return receipt addressed to Kelly and signed by Jeanette Schultz, and purchase receipts for certified mail addressed to both Siko and Bossard, from whom movants did not receive return receipts. Id. Movants separately certified that they also served a copy of the motion to withdraw on Kelly and presented a second signed certified mail return receipt addressed to Kelly and signed by Jeanette Schultz. Proof Of Service (Doc. #178) filed May 22, 2013. They gave no indication that either Siko or Bossard received service. Id.

Subsequently, in a brief responsive to an unrelated motion, movants represented to the Court Union One's current state of existence and the extent of their efforts to contact the company after the Court entered judgment. Specifically, movants stated as follows:

> The co- managing members of Union One resigned from their positions shortly after the judgment was read into the record. . . . Before resigning they gave [then Union

> One President and Chief Operating Officer, Mark Lunney] authority to manage the company[.] Union One ceased operating on March 31, 2013. All employees were let go. The officers resigned April 13, 2013. . . . The shareholders had no involvement in the day-to-day activities of the corporation and do not have the knowledge or ability to [provide post-judgment discovery information]. Union One has closed its doors after being unable to survive the $2 million dollar judgment the banks took against it, and its officers and employees are gone. The only person who has returned counsel's calls is the former Secretary of Union One who is the general counsel of another entity, Kevin Kelly. . . . [Movants have] contacted former officers and former employees. Mr. Lunney, who was in sole control of the company since December 14, 2012 has not returned any of the phone messages counsel left.

Defendants' Response To Plaintiffs' Motion To Compel Post-Judgement Discovery (Doc. # 182) filed June 11, 2013. Movants later learned that Lunney had resigned. See Doc. #176 at 2. They also note that Kelly "does not now represent Union One, does not work for Union One, and is not being compensated for the work he has been doing trying to get information to the Banks." Doc. #182 at 3.

Plaintiffs oppose the motion to withdraw for two reasons. First, they argue that movants fail to meet the technical requirements of D. Kan. Rule 83.5.5. They then argue that an order granting the motion would impermissibly leave Union One, a corporation, without counsel.

**Analysis**

The withdrawal of appearance by an attorney is governed by D. Kan. Rule 83.5.5, which requires that a court authorize withdrawal if the client will be left without representation. To obtain approval, counsel must file a motion which sets forth the reasons for withdrawal; advises the client that he or she is personally responsible for complying with court orders and procedural time lines; provides notice of impending deadlines; and provides the court with the client's current contact information. Withdrawing counsel must serve the motion on all attorneys of record, pro se parties and "on the withdrawing attorney's client either by personal service or by certified mail, with return

-3-

receipt requested." R. 83.5.5(a). Counsel must then file with the court either "proof of personal service of the motion to withdraw or the certified mail receipt, signed by the client" or "an affidavit indicating that the client received a copy of the motion to withdraw." Id.

## I. Compliance with D. Kan. Rule 83.5.5

The record shows that movants complied with D. Kan 83.5.5(a) insofar as they filed the motion and served a copy on opposing counsel. It is less clear whether they complied with respect to the following requirements: serving the motion on Union One; giving notice to Union One of its responsibilities; and filing proper proof of service. The ambiguity arises from whether movants made contact with an individual who has authority to act on behalf of their corporate client, Union One. Based on the voluminous record and the Court's experience with the parties, however, the Court recognizes that movants are unable to comply with the strict letter of the rule.

Rule 83(a)(1), Fed. R. Civ. P. grants each district court authority to promulgate rules that govern litigation before it. Martinez v. Thrifty Drug & Disc. Co., 593 F.2d 992, 993 (10th Cir.1979). These rules are binding and have the same force and effect as law. Smith v. Ford Motor Co., 626 F.2d 784, 796 (10th Cir.1980). When interpreting and applying local rules to promote judicial efficiency, however, district courts enjoy broad discretionary power. Telecom Technical Servs., Inc. v. Siemens Rolm Commc'ns Inc., No. 97-MC-222-KHV, 1998 WL 638370, at *1 (D. Kan. Sept. 14, 1998) (quoting Ruiz Ruiz v. Nazario Toro, 108 F.R.D. 399, 401 (D.P.R.1985)). The district courts may also exercise discretion in applying and interpreting local rules when adherence does not further their underlying policies. Hernandez v. George, 793 F.2d 264, 267 (10th Cir. 1986).

### A. Judicial Efficiency

Even if movants remedy the technical deficiencies of their filings,[1] it appears that compliance with Rule 83.5.5 would not be possible. They cannot serve on Union One notice of their intent to withdraw or a copy of their motion to withdraw because there is no one to serve. Movants represent that Union One's co-managing members entrusted all management responsibilities to Lunney when they resigned. The record does not indicate that Siko or Bossard, as shareholders, ever received authorization from Lunney or any other corporate officers to act as Union One's agent . See Purcel v. Wells, 236 F.2d 469, 472 (10th Cir. 1956) (generally, stockholder has no direct authority to act on behalf of corporation). No statutory authorization permits shareholders to receive service. After the rest of Union One's employees were terminated, it stands to reason that Lunney was the only person remaining in a position to accept service on Union One's behalf. As a former employee, however, Mr. Lunney is certainly no longer able to act or receive service on behalf of Union One. Movants advise the Court that Kelly is likewise ineligible because he "does not now represent Union One, does not work for Union One, and is not being compensated for the work he has been doing" on the

---

[1] Even if Kelly, Siko or Bossard were able to receive service on behalf of Union One, the motion to withdraw does not comply with Rule 83.5.5. The first proof of service filing states that movants served the motion and the letter of intent on Union One by serving these documents on Kelly. (Doc. #178). As evidence of service, they present one certified mail return receipt addressed to Kelly that bears the signature of Schultz. Id. This is not a return receipt "signed by the client." D. Kan. Rule 83.5.5(a)(4)(I); accord, Jones v. Greyhound Lines, Inc., No. 08-1185-MLB, 2009 WL 3809810, at *12 (D. Kan. Nov. 13, 2009). Further, movants give no support for their contention that by serving Kelly they are in fact serving Union One, see Doc. #178, nor does the record show that Kelly entered an appearance on behalf of either Union One or any other party. There is no indication that movants served the motion on either Siko or Bossard.

The second proof of service filing states that movants served the letter of intent on Kelly, Siko and Bossard. (Doc. #179). Serving the letter does not meet the requirement of serving the motion on Union One. D. Kan. Rule 83.5.5(a)(2). Nor do movants show proof of service in compliance with Rule 83.5.5(a)(4). As evidence they present an additional certified mail return receipt addressed to Kelly and signed by Schultz, and three purchase receipts for certified mail sent to Kelly, Siko and Bossard. The return receipt signed by Schultz presents the same issues mentioned above. The three purchase receipts are not "signed by the client" and thus do not satisfy Rule 83.5.5(a)(4)(I).

case.

The Court is left to conclude that movants simply are not able to comply to the letter with Rule 83.5.5 because no one is available to physically receive service on Union One. Union One's lack of personnel and post-judgment cooperation indicates that it has no interest in continuing to work with movants to resolve the pending inquiries. Rather than subject movants to the futile mission of attempting to recraft their filings in full compliance with the local rules, the Court finds it appropriate to allow certified notice of this Order, with a copy mailed to Union One's last known business address, to fulfill the service required by D. Kan. Rule 83.5.5(a)(2).

**B.     Fairness**

The local rules further support modification "as the court may deem necessary or appropriate to meet emergencies or to avoid injustice or hardship." D. Kan. Rule 1.1. In the instance of Rule 83.5.5, these underlying policies of injustice and hardship are developed further by the Kansas Rules of Professional Conduct ("KRPC"). D. Kan. Rule 83.5.5 (withdrawal may be accomplished in accordance with KRPC). Particularly, counsel is permitted to withdraw if representation will result in an unreasonable financial burden on the lawyer or if the client renders continued representation unreasonably difficult. KRPC 226(b)(4). Both of these conditions are met in this case.

Movants represent that Union One owes them a substantial sum of legal fees. The Court recognizes this burden and the impact of requiring continued representation, which surely will increase the amount outstanding. While movants' lack of detail regarding the particularities of their financial situation ordinarily would not provide sufficient cause for the Court to decide whether such a burden was "unreasonable," when compounded by Union One's lack of cooperation and the poor prospects for future compensation, the Court considers continued representation as both unnecessarily

burdensome and difficult. See Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540 (7th Cir. 2002).

**II.     Ability of a Corporation to Proceed Pro Se After Withdrawal**

The Court rejects plaintiffs' argument that the motion to withdraw should be barred because Union One will be left without counsel.  While it is well established that a corporation must be represented by licensed counsel to appear in court, the lack of substitute counsel does not prohibit an attorney from withdrawing an appearance on the corporation's behalf.  See Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006); Am. Contractors Indemn. Co. v. Atamian, No. 08-2586-JWL, 2010 WL 3862034, at *2, 5 (D. Kan. Aug. 6, 2010); Quality Trust, Inc. v. Cajun Contractors, Inc., No. 04-4157-SAC, 2006 WL 1914164, at *2-3 (D. Kan. June 27, 2006); Team Logistics, Inc. v. Orderpro Logistics, Inc., No. 04-2061-JWL, 2005 WL 1140774, at *1 (D. Kan. May 10, 2005).

For these reasons, the Court grants the motion to withdraw.  Todd Butler and Stephanie Poyer of Butler & Associates, P.A. shall be allowed to withdraw as counsel of record for Union One Insurance Group, LLC.  The Court will consider a copy of this Order, sent via certified mail to Union One's address of record with the Pennsylvania Department of State, sufficient to fulfill the requirements of D. Kan. Rule 83.5.5.  Union One is hereby advised that it shall have new counsel enter an appearance within 30 days of the date of this order as corporations may not proceed pro se in federal court.  Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 414 (10th Cir.1962).  This action is stayed for 30 days from the date of this order to allow Union One to find substitute counsel.

**IT IS THEREFORE ORDERED** that movants' Motion To Withdraw As Counsel For Defendants (Doc. #176) filed May 7, 2013 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that this action be stayed for 30 days to allow Union One to obtain substitute counsel.

Dated this 28th day of June, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
