## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENDALL STATE BANK, GARDEN CITY STATE BANK, PEABODY STATE BANK, FIRST UNITED BANK AND TRUST, THE BANK OF COMMERCE AND TRUST CO., QUIVIRA CAPITAL, LLC and KELLY DROUILLARD, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION ) ) No. 10-2617-KHV |
| ARCHWAY INSURANCE SERVICES, LLC, NEVADA INVESTMENT PARTNERS, LLC and UNION ONE INSURANCE GROUP, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiffs' Motion To Compel Post-Judgment Discovery And Suggestions In Support</u> (Doc. #181) filed May 28, 2013. Plaintiffs move for an order compelling defendant/judgment debtor Union One Insurance Group, LLC ("Union One") to respond to plaintiffs' interrogatories and document requests within five days of this order and to award plaintiffs their reasonable attorney's fees incurred in bringing this motion. Upon consideration of the matter, the Court sustains plaintiffs' motion.

Pursuant to Fed. R. Civ. P. 69(a)(2), plaintiffs are entitled to post-judgment discovery in aid of execution on their judgment. And if necessary, plaintiffs may move for an order compelling discovery pursuant to Fed. R. Civ. P. 37. Such motion must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make the disclosure. Fed. R. Civ. P. 37(a)(1). Here, plaintiffs' counsel asserts (and Union One's former counsel agrees) that she attempted

to obtain the discovery from Union One's former counsel but that Union One refused to provide it. Union One counsel was subsequently authorized to withdraw from representation and this case was stayed for 30 days to allow Union One to obtain substitute counsel. Memorandum and Order (Doc. #185) filed June 28, 2013. No attorney has since entered an appearance on behalf of Union One. Based on the record, the Court finds that plaintiffs' efforts satisfy the procedural conference requirement.

Moreover, the Court finds that plaintiffs' discovery requests are relevant. Union One has failed to assert any objections and has therefore waived its objections.[1] Cardenas v. Dorel Juvenile Grp., Inc., 230 F.R.D. 611, 615 (D. Kan. 2005). Plaintiffs' motion to compel is sustained.

Plaintiffs also seek attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A), which provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the court finds that the opposing party's nondisclosure or objection was "substantially justified" or that "other circumstances make an award of expenses unjust." The Court finds that an award of expenses and fees is warranted. Union One failed to communicate with former counsel with respect to these discovery requests and refused to respond. The record contains no facts from which the Court could find that its nondisclosure was substantially justified.

By **November 12, 2013**, plaintiffs shall file an accounting of the costs and legal fees (including

---

[1] Former counsel for Union One filed a response to plaintiffs' motion, most of which set forth counsel's inability to obtain information from Union One. Defendants' Response To Plaintiffs' Motion To Compel Post-Judgment Discovery (Doc. #182) filed June 11, 2013. The response did not raise an objection as such, but did state that the discovery requests "are broad" and that plaintiffs could utilize other methods to collect their judgment. Insofar as the response could be said to raise an objection, the objection is overruled.

supporting documentation, such as attorney time sheets) they sustained in regard to filing and briefing the motion to compel. Thereafter, Union One may file a response to plaintiffs' filing by **November 22, 2013**.[2]

It is hereby **ORDERED** that Plaintiffs' Motion To Compel Post-Judgment Discovery And Suggestions In Support (Doc. #181) filed May 28, 2013 is hereby **SUSTAINED** and by **November 12, 2013** Union One shall fully respond and produce the documents plaintiffs seek.

Dated this 29th day of October, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge

---

[2] Union One must be represented by counsel if it chooses to file a response or otherwise defend itself in this action.