IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| KENDALL STATE BANK, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 10-2617-KHV |
| ARCHWAY INSURANCE SERVICES, LLC, et al., | ) | |
| Defendants. | ) | |

| ARCHWAY INSURANCE SERVICES, LLC, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 11-2403-KHV |
| BANK OF COMMERCE AND TRUST, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on <u>Plaintiffs' Motion To Enforce Settlement And To Clarify That The Court's 6/23/15 Order Was "On The Merits," With Plaintiffs' Request To Establish Briefing Schedule On Motion</u> (Doc. #216) filed September 19, 2016. Defendant Union One has not responded to plaintiff's motion and the Court finds on the merits that the motion should be sustained in part.

**Procedural And Factual Background**

In 2007, Kendall State Bank loaned Union One $2,924,125.00 under a loan agreement. Plaintiff Kendall State Bank's Memorandum In Support Of Its Motion For An Interpretation Of,

And To Enforce, Settlement Agreement (Doc. #201) filed September 9, 2014 at 4. In January of 2009, The Harris Agency LLC, an affiliate of Union One and co-obligor on the loan, filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Id. On May 5, 2009, as part of the bankruptcy case, Kendall State Bank and Union One entered into a Stipulated Agreement, which states that Kendall State Bank holds "a valid, properly perfected first priority security interest" in Union One assets. Doc. #201-1 at 2.

On November 12, 2010, Kendall State Bank, along with other interested parties, (collectively the Banks) filed a claim for breach of loan agreements against Union One and others in this Court.[1] On December 14, 2012, during the trial of this action, the parties entered into a settlement agreement on the record. Consent Judgment (Doc. #169) at 2. On January 8, 2013, pursuant to the settlement agreement the Court entered a consent judgment in favor of plaintiffs. Id. The parties agreed to execute a written settlement agreement to further memorialize their verbal settlement agreement. Id. On February 11, 2013, the parties entered into a settlement agreement in which Union One agreed to (1) pay plaintiffs $2,000,000.00 in monthly payments of $2,000; (2) take no action to transfer, assign or pledge any of its assets without the written, signed approval of the Banks; and (3) not divert revenue to any other entity. See Doc. #201-6 at 7–8.

On February 20, 2013, Alliance National Insurance Company ("Alliance") sued Union One in the Court of Common Pleas of Montgomery County, Pennsylvania seeking to collect funds allegedly owed under a lease. Doc. #201–9. Alliance secured an ex parte judgment of $264,977.92 against Union One. See Docs. #201-9, #201–11. Alliance then commenced

---

[1] On September 1, 2011 the Court ordered consolidation of the Kendall State Bank case with Archway Ins. Servs. v. Bank of Commerce & Trust, No. 11-2403-KHV-DJW (D. Kan.).

garnishment proceedings against agencies that owed commissions to Union One. In April of 2013, Kendall State Bank notified those agencies of the Consent Judgment in this Court, along with its security interest in Union One assets. Doc. #201-6 at 25–26. The agencies then interpled the disputed funds in the Alliance lawsuit. Doc. #201-14. Kendall State Bank filed a petition in the Alliance suit to set aside the writs of execution, vacate the Alliance judgment against Union One and re-open the suit. Doc. #201-13. In response, Alliance claimed that the Settlement Agreement between Kendall State Bank and Union One superseded Kendall State Bank's security interest in Union One assets and effectively extinguished that security interest. Doc. #201-15 at 2.

On September 9, 2014, Kendall State Bank filed a <u>Motion For An Interpretation Of, And To Enforce, Settlement Agreement</u> (Doc. #200). Specifically, Kendall State Bank asked this Court to (1) find that Union One had breached the Settlement Agreement and Consent Judgment; (2) find that the Settlement Agreement did not supersede Kendall State Bank's security interest in Union One assets; (3) award Kendall State Bank damages; and (4) order Union One to pay Kendall State Bank attorney's fees related to the Alliance lawsuit and the motion to interpret and enforce. Union One did not respond to the motion or the Court's subsequent order to show cause why it should not sustain the Kendall State Bank motion. <u>Id.</u> at 4.

On June 23, 2015, the Court issued an order sustaining the bank's motion to interpret and enforce. <u>Order</u> (Doc. #215). The Court noted Union One's lack of response. <u>Id.</u> at 1, 2, 5. The Court treated as uncontested the fact that commissions owed to Union One were subject to the bank's security interest, consent judgment and settlement agreement. <u>Id.</u> at 3. The Court found that (1) Union One had breached the Settlement Agreement and Consent Judgment; (2) Kendall State Bank was entitled to the funds interpled in the Alliance lawsuit; and (3) Kendall State Bank

was entitled to attorney's fees incurred in the Alliance lawsuit and the subsequent motions in this Court. Id. at 5.

Kendall State Bank presented this Court's order to the Pennsylvania Court of Common Pleas, which then entered an order in the Alliance lawsuit stating in part as follows:

> Kendall claims this issue was decided by the United States District Court for the District of Kansas in its order dated June 22, 2015, which granted Kendall's Motion for an Interpretation Of, And To Enforce, Settlement Agreement' [sic] and Kendall's Request That The Court Decide Its Motion For An Interpretation Of, And To Enforce, Settlement Agreement. At first glance, the June 22, 2015 order appears to decide the question in Kendall's favor that the Security Agreement is not superseded by the Settlement Agreement. However after further review, it is unclear to this court whether the motions were granted upon Union One's failure to respond or based upon the merits of said motions.

Doc. #216-1 at 3. The Pennsylvania Court then stayed the Alliance lawsuit pending this Court's clarification of that issue. Kendall State Bank's motion to clarify this Court's order followed. Plaintiff's Motion To Clarify That The Court's 6/23/15 Order Was "On The Merits" (Doc. #216).

## Analysis

Plaintiff's motion is uncontested. Union One has had a full and fair opportunity to respond to it, but has chosen not to dispute the factual or legal issues that it presents.

On June 23, 2015, this Court found on the merits that Kendall State Bank is entitled to the funds interpled in the Alliance lawsuit. In the Settlement Agreement, Kendall State Bank and Union One agreed as follows: "Union One shall cooperate in good faith and use its best efforts regarding any sale of Union One or any of its assets, and Union One, hereby agrees that it shall take no action to transfer, assign or pledge any of its assets without the Banks' written, signed approval." Doc. #201-15 at 12. The agreement further states that Union One "shall not divert revenue to any other entity." Id.

4

Under Kansas law, a written settlement agreement is a contract. Spiess v. Meyers, 483 F. Supp. 2d 1082, 1091 (D. Kan. 2007). The overriding goal in the construction of a contract under Kansas law is to effectuate the intent and purpose of the parties. Id. When a settlement agreement does not identify a party to be released by name or other specific terminology, Kansas courts apply a rebuttable presumption that the parties did not intend to release the unnamed party. Id. at 1091–92.

The Settlement Agreement shows a clear purpose to safeguard Union One assets to insure payment in accordance with its terms. It does not explicitly release Union One from the security interest in favor of Kendall State Bank, and Kansas law presumes that the parties did not intend to release it. Union One has not rebutted this presumption; it did not respond to Kendall State Bank's original motion to interpret and enforce the settlement agreement, and has not responded to the current motion. The Court therefore reiterates that the settlement agreement does not supersede or extinguish the security interest.

The Court so ruled on the merits, and not because Union One failed to respond. "On the merits" generally means "an adjudication that actually passes directly on the substance of a particular claim before the court." Semtek Intern, Inc., 531 U.S. at 501–02 (internal citations and quotation marks omitted). For a judgment to be considered "on the merits," the issues must be "actually litigated." In re Corey, 394 B.R. 519, 526 (B.A.P. 10th Cir. 2008). When a party has participated in litigation throughout a suit, that party's failure to participate at a later point need not mean that the suit was not actually litigated. In re Bernstein, 197 B.R. 475, 480 (Bankr. D. Md. 1996), aff'd, 113 F.3d 1231 (4th Cir. 1997); In re Bush, 62 F.3d 1319, 1324–25 (11th Cir. 1995); In re Daily, 47 F.3d 365, 368–69 (9th Cir. 1995); In re Wien, 155 B.R. 479, 486 (Bankr. N.D. Ill. 1993), aff'd sub nom. Wienco, Inc. v. Scene Three, Inc., 29 F.3d 329 (7th Cir.

1994). "It would be unfair to permit a party to avoid the preclusive effect of an anticipated adverse decision merely by not appearing for trial or by not having a factual defense to present." In re Bernstein, 197 B.R. at 480. Union One fully participated in this suit through discovery, trial and entry of the settlement agreement. Union One's failure to respond to Kendall State Bank's recent motions does not change that fact. The issue has been litigated and decided on the merits.

Plaintiffs request that the Court set a briefing schedule requiring that any party or intervenor respond within 14 days. Plaintiffs' Motion To Clarify That The Court's 6/23/15 Order Was "On The Merits" (Doc. #216) at 6. D. Kan. Rule 6.1(d) requires parties to respond within 14 days. Union One had 14 days to respond and failed to do so. It is not necessary to set a briefing schedule for intervenors because no other party has requested to intervene in this case. The Court therefore overrules as moot plaintiffs' request for a briefing schedule.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Enforce Settlement And To Clarify That The Court's 6/23/15 Order Was "On The Merits," With Plaintiffs' Request To Establish Briefing Schedule On Motion (Doc. #216) filed September 19, 2016 is **SUSTAINED in part**. The Court **SUSTAINS** plaintiffs' motion to enforce settlement agreement and to clarify that the Court's order was on the merits.

**IT IS FURTHER ORDERED** that the Court **OVERRULES** as moot plaintiffs' request to set a briefing schedule.

Dated this 26th day of April, 2017 at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            KATHRYN H. VRATIL
                                            United States District Judge